

Lawrence S. Lustberg

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4731 Fax: (973) 596-0545
llustberg@gibbonslaw.com

December 18, 2018

**VIA ECF**
Honorable William H. Walls, U.S.D.J.
United States District Court
District of New Jersey
Martin Luther King Bldg. & U.S. Courthouse
50 Walnut Street, Courtroom 4D
Newark, New Jersey 07101

   **Re:** *United States v. Butler,* No. 18-cr-605
      Work Travel to Texas Per Order Setting Conditions of Release

Dear Judge Walls,

  This firm represents Defendant Moshe Butler in the above-referenced matter. Please accept this letter in lieu of a more formal appeal of the Probation Department's denial of Mr. Butler's request to travel to Texas for work this week.

  As Your Honor will recall, in setting Mr. Butler's conditions for release, this Court agreed that Mr. Butler should be permitted to travel to New Jersey, New York and Texas for work. *See* ECF No. 6. In connection with that directive, last week Mr. Butler informed his Probation Officer, Dana Hafner, of his need to travel to Texas for work **this upcoming Wednesday, December 19, 2018**. *See* Travel Request attached hereto. More specifically, Mr. Butler is scheduled to travel to Texas to meet with caseworkers for member of the Department of Veterans Affairs to ensure that veterans are placed in appropriate detox treatment programs, to work with a number of Dallas homeless shelters in an effort to expand his company's existing services and to meet with other treatment centers that refer his company clients.

  Ms. Hafner has been apprised of this Court's Order Setting Mr. Butler's Conditions of Release but nonetheless denied his request to travel on the grounds that Probation intends to file charges against Mr. Butler for purported violations of the terms of his supervised release. While we appreciate that Ms. Hafner has the authority to deny Mr. Butler's travel-related requests, which is precisely why Mr. Butler sought her consent prior to traveling, the decision to permit his travel should be treated with this Court's decision to permit such travel in connection with Mr. Butler's pretrial release in mind. Mr. Butler will address Probation's allegations that he has violated the terms of his supervised release if and when such charges are filed; indeed, such charges have been anticipated since long before Mr. Butler's guilty plea, which – after all – included a plea to a charge of lying to Probation. But the fact that Probation may seek to file a petition alleging that Mr. Butler violated the conditions of his supervised release at some unknown and undisclosed time in the future should not alter this Court's initial ruling allowing his travel for business purposes especially since the Court was also aware of this possibility at the time it set his conditions of release given the nature of the charges to which he pleaded guilty.

GIBBONS P.C.

December 18, 2018
Page 2

      In light of Your Honor's prior Order, we respectfully request that Your Honor "So Order" this letter granting Mr. Butler's appeal of the Probation Department's denial of his request to travel to Texas Wednesday, December 19, 2018 through Thursday, December 20, 2018.

So Ordered: _____ 18 Dec 2018
           Hon. William H. Walls, U.S.D.J.

                                    Respectfully,

                                    s/ Lawrence S. Lustberg
                                    Lawrence S. Lustberg

Enclosure